EPIFANIO SORIA, demandante y apelante, *v.* FERNANDO USERA, JUEZ MUNICIPAL DE PONCE, demandado y apelado.

No. 4091.—*Visto:* Marzo 15, 1927. *Resuelto:* Abril 8, 1927.

1. SECRETARIOS DE LAS CORTES—DERECHOS ARANCELARIOS EN CASOS CIVILES Y CRIMINALES—MOMENTO PARA EL PAGO DE LOS MISMOS—EN ACCIONES DE TERCERÍA.—La obligación de un tercerista de pagar los derechos arancelarios estatutorio surge al ser presentada la demanda de tercería y no cuando él presenta el escrito de comparecencia.

2. SECRETARIOS DE LAS CORTES—DERECHOS ARANCELARIOS EN CASOS CIVILES Y CRIMINALES—EN GENERAL.—Cuando al presentar su comparecencia escrita un tercerista ya están solutos los derechos arancelarios que debía abonar por la demanda de tercería por haberlos satisfecho aquél al entregarle el márshal los bienes embargados, la ley arancelaria, en cuanto exige el pago de dichos derechos por cada demanda, queda cumplida.

SENTENCIA de *Angel Acosta,* J. (Ponce), desestimando un recurso de *certiorari. Revocada.*

*E. Flores Colón,* abogado del apelante; la parte contraria no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-tribunal.

Sucesores de Federico Font, S. en C., demandaron en la Corte Municipal de Ponce a Francisco Costa y le embargaron bienes que Epifanio Soria reclamó del márshal como suyos y le entregó una fianza para garantía de que devolvería los bienes embargados si dejase de justificar su derecho a ellos. El márshal entregó esos bienes a Soria apareciendo al pie de la diligencia de entrega cancelado un sello de rentas internas de tres dólares.

Recibida por el secretario de la corte la fianza entregada al márshal, notificó el 17 de julio de 1926 a Epifanio Soria

que debía hacer su comparecencia dentro de diez días.  El 28 del mismo mes el secretario registró el escrito de comparecencia del tercerista Soria, que no tiene sello alguno de rentas internas, y al día siguiente Sucesores de Federico Font solicitaron de la corte municipal que se desestimase la tercería por no haber hecho el tercerista su comparecencia dentro de diez días, a lo que accedió la corte dictando sentencia declarando sin lugar la demanda de tercería y ordenándole que devolviese los bienes embargados.  Solicitó el tercerista la reconsideración de la sentencia alegando que no adhirió sello alguno a su escrito de comparecencia por entender que es con la demanda que luego debe formular que debe estamparlo y que de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil se le permitiese adherir el sello a su comparecencia, pero la corte municipal declaró sin lugar esa moción y entonces el tercerista presentó una petición de *certiorari* en la Corte de Distrito de Ponce la que libró el auto interesado aunque después de recibir los autos originales de la corte municipal y de oir a las partes lo dejó sin efecto, contra cuya resolución se interpuso este recurso de apelación.

Alega el apelante que la única cuestión a resolver en este recurso es si en pleitos de tercerías de bienes muebles el reclamante de ellos tiene que pagar dobles derechos de los que exige la ley o si sólo se han de pagar al iniciarse el procedimiento.

[1, 2] Según la ley del 14 de marzo de 1907, enmendada en parte en 1908, cuando un márshal embargue bienes muebles y fueren reclamados por un tercero como suyos, el reclamante podrá prestar juramento por escrito haciendo constar que hace la reclamación de buena fe y la presentará al márshal con una fianza por doble valor de los bienes que reclame para garantía de que si no justificase su derecho a los bienes reclamados los devolverá y que si no lo hiciere satisfará el valor de dicha propiedad, entregándosele en-

tonces los bienes, todo lo que el márshal consignará al dorso de la orden de embargo enviando después la fianza y el juramento al tribunal que decretó el embargo y que recibidos esos documentos el secretario del tribunal hará la debida anotación en el libro de causas de la corte. También dispone esa ley que tan pronto recibiere el secretario el juramente y la fianza lo notificará a todas las partes quienes deberán comparecer a los diez días de notificacada y si lo hicieren la corte dispondrá que se formule por escrito la cuestión mediante una breve exposición de la naturaleza del derecho del reclamante al pretender reclamar como suyos dichos bienes; y que si el demandante no compareciere después de habérsele notificado en debida forma se desestimará la demanda y si no comparecieren los demandados se dictará sentencia en su rebeldía.

Por su parte la Ley No. 17 de 1915 dispone que todas las cantidades que ingresen en las cortes de distrito y municipales se pagarán en sellos de rentas internas, que los secretarios y márshals adherirán bajo su responsabilidad al margen o al pie de los documentos registrados, los cuales cancelarán después, y que por cada demanda en pleito civil contencioso en las cortes municipales se pagarán al secretario tres dólares, sin que en el arancel por derechos del márshal haya partida alguna por la reclamación de bienes embargados; disponiéndose en la sección 6ª de esa ley que todos y cada uno de los documentos o escritos que por ella se requiere lleven un sello o sellos de rentas internas serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos.

Dados los términos en que está redactado el arancel que requiere tres dólares por cada demanda en las cortes municipales y teniendo en cuenta que según la ley de tercerías la demanda del tercerista debe ser presentada después que haya hecho su comparecencia, opinamos que hay obliga-

ción de pagar dicha cantidad al ser presentada la demanda de tercería y no cuando se hace la comparecencia escrita por lo que ésta no fué nula por falta de haber sido adheridos a ella sellos por tres dólares, que debían ser pagados al presentar su demanda, y que no fué procedente el desestimar la reclamación del tercerista por tal motivo. Aparte de esto y como razón adicional, el tercerista entregó tres dólares en sellos de rentas internas al márshal que le entregó los bienes embargados y como por esa diligencia no tenía que pagarle cantidad alguna, esos tres dólares pueden ser considerados como la cantidad que debía pagar por la presentación de su demanda, so pena de que tuviera que satisfacer dobles derechos, y por tanto cuando presentó su comparecencia estaban solutos los tres dólares que debía abonar por la demanda.

*Por lo expuesto la sentencia apelada debe ser revocada* y dictarse otra anulando la sentencia de la Corte Municipal de Ponce que desestimó la demanda de tercería.